

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 19, 2020

**By ECF**
The Honorable Edgardo Ramos
United States District Judge
40 Foley Square
New York, NY 10007

      Re:    *ACLU v. DOD, et al.*, 17 Civ. 9972 (ER);
              *New York Times Co. v. DOD*, 20 Civ. 43 (ER)

Dear Judge Ramos:

    On behalf of defendants the Department of Defense, Department of State, and Department of Justice in the above-captioned actions brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, we write respectfully to bring to the Court's attention the recent decisions of the United States Court of Appeals for the Second Circuit in *Osen LLC v. United States Central Command*, No. 19-1577 (August 10, 2020), and *New York Times v. CIA*, 965 F.3d 109 (2d Cir. 2020). These cases explain and apply the three-prong test set out in *Wilson v. CIA*, 586 F.3d 171 (2d Cir. 2009), to determine whether an agency has officially disclosed classified information.

### *New York Times v. CIA*

    In *New York Times v. CIA*, the Second Circuit affirmed the district court's decision upholding the CIA's Glomar response to a FOIA request seeking records regarding an alleged CIA program of arming and training rebel forces in Syria, concluding that public statements made by President Donald J. Trump and a DOD general did not amount to an official disclosure of the existence or non-existence of the alleged program. *See Times*, 965 F.3d at 112.

    The Court in *New York Times* made clear that the "precise and strict" test for official disclosure of classified information set out in *Wilson* remains the law of this Circuit. *Id.* at 116. "The consequence of . . . *Wilson*," the Court observed, "is that just because the existence of classified activity may be inferred from publicly available information or from official statements, government waiver will not be found unless all legal criteria have been met." *Id.*

    In applying the *Wilson* test to the statements at issue in *New York Times*, the Second Circuit reaffirmed two key principles. First, the Court emphasized that a *Glomar* response to a FOIA request remains valid if "lingering doubts remain as to the information sought." *Id.* at 118. A "substantial overlap" between previously disclosed information and the information sought under FOIA is insufficient to defeat a *Glomar* response. *Id.* at 119. Rather, to find an official disclosure, the prior statements must "remove *all* doubt as to their meaning." *Id.* at 118 (emphasis in original). Applying this principle to the statements at issue in *New York Times*, the Court agreed with the district court that President Trump's statements could reasonably be read

in different ways, and thus were not "straightforward disclosures satisfying *Wilson*." *Id.* at 118. The statements by the military general were similarly ambiguous and insufficient to satisfy the *Wilson* test for official disclosure. *See id.* at 121-22 (distinguishing *Florez v. CIA*, 829 F.3d 178 (2d Cir. 2016)). Second, the Court reaffirmed that, to preclude a *Glomar* response, an official statement must disclose the existence of the specific records sought. *See id.* at 116-17. The Court found that "[e]ven assuming *arguendo* that" the statements at issue in *New York Times* "reveal[] the general existence of [an] alleged . . . program, a *Glomar* response is still appropriate if none of the relevant statements officially acknowledged the existence or nonexistence of specific records." *Id.*

Separate from its application of the *Wilson* test, the *New York Times* Court also held that "[d]eclassification cannot occur unless designated officials follow specified procedures." *Id.* at 122 & n.76 (citing Executive Order 13,526). "In light of the executive branch's 'compelling interest' in preventing declassification of highly sensitive information," the Court "decline[d] to hold that the judiciary may conclude that certain executive branch statements may trigger inadvertent declassification because such determinations encroach upon the President's undisputedly broad authority in the realm of national security." *Id.* at 123

### *Osen v. CENTCOM*

In *Osen*, the Second Circuit reversed the district court's decision that the official disclosure doctrine required the release of certain photographs withheld by United States Central Command ("CENTCOM") under FOIA Exemption 1, 5 U.S.C. § 552(b)(1).

The Court began by reaffirming the longstanding principle that the official disclosure document precludes withholding under Exemption 1 only "when the government has *officially* disclosed the *specific* information being sought." *Osen* Op. at 12 (quoting *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 421 (2d Cir. 1989) (emphasis in original)). The Court again emphasized that *Wilson*'s "strict" test controls this inquiry, and noted that the "as specific as" and "matching" prongs of the *Wilson* test "each serves a distinct purpose." *Osen* Op. at 12, 14. The Court explained that

> [i]f information is as specific as but does not match previously disclosed information, it cannot be "*the* specific information." The same is true for information that matches a prior disclosed subject but is more or less specific than information previously disclosed; it also does not constitute "*the* specific information" warranting application of the official disclosure doctrine.

*Id.* at 14.

The *Osen* Court also clarified what the first and second prongs of the *Wilson* test require. Regarding the first prong, "for information to be 'as specific as' that which was previously disclosed, there cannot be any 'substantive differences between the content of the [publicly] released government documents and the withheld information.'" *Id.* at 15 (brackets in original) (quoting *ACLU v. DOD*, 628 F.3d 612, 620–21 (D.C. Cir. 2011)). With regard to the second prong of the *Wilson* test, the Court again emphasized that "even a 'substantial overlap' between

the requested information and previously disclosed information is not enough to establish waiver." *Id.* at 18-19 (quoting *N.Y. Times*, 965 F.3d at 116, 119). Instead, "disclosed and withheld records" must "present the same information about the same subject." *Osen* Op. at 19.

Applying these principles to the photographs at issue in *Osen*, the Court concluded that although another DOD component (ARCENT) had previously publicly released some photographs depicting Explosively-Formed Penetrator ("EFP") attacks on armored vehicles that were "as specific as" the photographs sought from CENTCOM under FOIA, the photographs withheld by CENTCOM depicted damage from different EFP attacks, and thus did not match the withheld photographs. *Id.* at 15-24. The Court held that because the second prong of the *Wilson* test was not met, the district court erred in finding that ARCENT's prior public disclosure of photographs of some EFP attacks operated as a waiver of CENTCOM's right to withhold images showing damage from other EFP attacks from which similar images had never been disclosed to the public. *Id.* at 21.

We thank the Court for its consideration of this submission.


Respectfully submitted,


ETHAN P. DAVIS                            AUDREY STRAUSS
Acting Assistant Attorney General         Acting United States Attorney for the
                                          Southern District of New York

By:    /s/                          By:    /s/
ELIZABETH J. SHAPIRO                       SARAH S. NORMAND
U.S. Department of Justice                 STEVEN J. KOCHEVAR
Federal Programs Branch                    Assistant U.S. Attorneys
P.O. Box 883                               86 Chambers Street, Third Floor
Washington, D.C. 20044                     New York, New York 10007
Telephone: (202) 514-5302                  Telephone: (212) 637-2709/2715
Facsimile: (202) 616-8470                  Facsimile: (212) 637-2730
Elizabeth.Shapiro@usdoj.gov                Sarah.Normand@usdoj.gov
                                           Steven.Kochevar@usdoj.gov


cc:    Counsel of Record (via ECF)